## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMMY D. BELL, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 04-0263-WS-L |
| SGT. HADLEY, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under § 1983 naming as defendants the Baldwin County Jail, Baldwin County, and State of Alabama *inter alios*.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that, pursuant 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), the defendants Baldwin County Jail, Baldwin County, and state of Alabama be dismissed from this action because the claims against them are either frivolous or fail to state a claim upon which relief may be granted. [1]

### I.  Standards Under 28 U.S.C. § 1915(e)(2)(B)(I) - (iii).

The court is required pursuant 28 U.S.C. § 1915(e)(2)(B)(I-iii)[2] to dismiss a prisoner's

---

[1]  A separate service order will be entered and the case will proceed as to the remaining defendants.

[2] The predecessor to this section was 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the

complaint, or a portion thereof, if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  A claim "is frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

---

failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

**II. Discussion.**

Several entities were named as defendants in plaintiff's superseding amended complaint (Doc. 5).  On a handwritten page attached to the complaint form, plaintiff identifies the Baldwin County Jail, Baldwin County, and the state of Alabama as defendants.  These defendants will be discussed by the court *seriatim*.

In order for the Baldwin County Jail to be a defendant in a § 1983 action, it must be an entity that is capable of being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." Fed.R.Civ.P. 17(b); *see Dean*, 951 F.2d at 1214.

Under Alabama law, the sheriff, or a jailer who is appointed by the sheriff,  "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ."  ALA. CODE § 14-6-1 (1995).  Generally, a sheriff's department operates a county jail.  However, an Alabama sheriff's department lacks the capacity to be sued.  *Dean*, 951 F.2d at 1214; *King v. Colbert*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991).  Then, it follows that a subdivision of a sheriff's department likewise lacks the capacity to be sued.  *See Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994); *see also House v. Cook County Dept. of Corrections*, No. 98 C 788, 1998 WL 89095 (N.D. Ill. Feb. 13, 1998); *May v. North County Detention Facility*, No. C 93-1180 BAC, 1993 WL 300290 (N.D. Cal. July 21, 1993). Accordingly, the court finds defendant Baldwin County Jail is not a suable entity.  The claim against the Baldwin County Jail is therefore frivolous.

The next defendant named by plaintiff is Baldwin County.  However, plaintiff does not connect

3

this defendant to any allegations in the amended complaint.  Therefore, plaintiff has failed to state a claim against this defendant.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (finding a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *see also Monell v. Department of Social Services of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (in a § 1983 action an employer cannot be held vicariously liable for the acts of an employee).  Accordingly, plaintiff has failed to state a claim against defendant Baldwin County.

The last defendant named by plaintiff is the state of Alabama.  Section 1983 requires a "person" be named as a defendant.  42 U.S.C. § 1983; *see Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981) (in order to state a claim under § 1983, a plaintiff must be deprived of a federal right by a "person" acting under color of state law), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct.662, 88 L.Ed.2d 662 (1986).     The state, however, is not a "person" for the purpose of a § 1983 action.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).  Thus, the claim against the defendant state of Alabama is frivolous.

Furthermore, an alternate basis for dismissing the state of Alabama from this action is sovereign immunity.  The eleventh amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent.  *Alabama*

4

*v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the eleventh amendment barred an action against the state).  The two exceptions to sovereign immunity are if the state has waived its immunity or Congress has abrogated the state's immunity.  *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990).  Alabama though has not waived its eleventh amendment immunity.  *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the state of Alabama was entitled to eleventh amendment immunity); *Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its eleventh amendment immunity).  Nor has Congress in section 1983 abrogated a state's eleventh amendment immunity.  *Carr*, 916 F.2d at 1525 (citing *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979)); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. June 26, 1981).

## III.  Conclusion.

For the reasons enumerated above, it is recommended that, pursuant 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), defendants Baldwin County Jail, Baldwin County, and state of Alabama be dismissed from this action because the claims against them are either frivolous or fail to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 8th day of June, 2005.

/s/ Kristi D. Lee
**KRISTI D. LEE**

**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.     **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**KRISTI  D.  LEE**
**UNITED STATES MAGISTRATE JUDGE**

7